E-FILED
Thursday, 10 June 2010 11:02 AM
Clerk, U.S. District Court, ILCD

FILED

JUN 1 0 2010

PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CC SERVICES, INC., COUNTRY MUTUAL INSURANCE COMPANY®, COUNTRY LIFE INSURANCE COMPANY®, and COUNTRY INVESTORS LIFE ASSURANCE COMPANY®, | ) ) ) ) ) ) | Case No.: 10-1181 |
| Plaintiffs, | ) ) | Judge: |
| v. | ) ) ) | |
| AARON GARTH BAECKER and CITYPLEX CORPORATION, | ) ) ) | JURY DEMAND |
| Defendants. | ) ) ) | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

NOW COME Plaintiffs, CC SERVICES, INC., COUNTRY MUTUAL INSURANCE COMPANY®, COUNTRY LIFE INSURANCE COMPANY®, and COUNTRY INVESTORS LIFE ASSURANCE COMPANY® (collectively, "COUNTRY FINANCIAL"), by and through their undersigned counsel, Hinshaw & Culbertson LLP, and for their Complaint for damages and injunctive relief against the Defendants, AARON GARTH BAECKER and CITYPLEX CORPORATION, state as follows:

## PARTIES AND JURISDICTION

1.      COUNTRY FINANCIAL is a group of financial and insurance services companies that is headquartered in Bloomington, Illinois.

2.      AARON GARTH BAECKER ("BAECKER") is a resident of Tazewell County, in the State of Illinois.

3.      CITYPLEX CORPORATION ("CITYPLEX") is an Illinois corporation with a principal place of business at 1615 Valle Vista, Pekin, Illinois  61554.

4.    This Court's jurisdiction arises (a) from the fact that this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1129, jurisdiction conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338; and (b) by virtue of the fact that certain claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§ 1051-1129, jurisdiction conferred by 28 U.S.C. §§ 1338(b) and 1367.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS FOR ALL COUNTS

6.    COUNTRY FINANCIAL sells insurance and financial investment products through its agents to meet the financial, security and related needs of individuals and businesses in Illinois and other states.

7.    COUNTRY FINANCIAL has advertised and sold insurance and financial investment products throughout the United States under the service marks COUNTRY® and COUNTRY FINANCIAL®.

8.    COUNTRY FINANCIAL registered the mark COUNTRY® in the United States Patent and Trademark Office, Reg. No. 2,650,093 on November 12, 2002.  That registration has become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b).  A copy of this federal trademark registration is attached hereto as Exhibit 1.

9.    COUNTRY FINANCIAL registered the COUNTRY® logo as a mark in the United States Patent and Trademark Office, Reg. No. 2,856,259 on June 22, 2004.  That registration has become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b).  A copy of this federal trademark registration is attached hereto as Exhibit 2.

10.    COUNTRY FINANCIAL registered the mark COUNTRY FINANCIAL® in the United States Patent and Trademark Office, Reg. No. 3,538,359 on November 25, 2008.  That

2

registration has become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b). A copy of this federal trademark registration is attached hereto as Exhibit 3.

11. COUNTRY FINANCIAL has sold more than one billion dollars worth of insurance and financial investment products under the COUNTRY® and COUNTRY FINANCIAL® marks and the COUNTRY® logo (the "COUNTRY MARKS", collectively) throughout the United States, and has spent millions of dollars annually in advertising, marketing, and promoting these marks throughout the United States.

12. By virtue of COUNTRY FINANCIAL'S continued use, advertising and promotion, its COUNTRY MARKS became and still are distinctive, well-recognized, and famous, possess a strong secondary meaning, and represent an extremely valuable goodwill.

13. BAECKER was an independent contractor who worked as a financial representative and licensed insurance producer for COUNTRY FINANCIAL from 1973 to March 11, 2010.

14. At all relevant times, BAECKER operated an office as a COUNTRY FINANCIAL agent in Pekin, Tazewell County, Illinois, exclusively selling COUNTRY FINANCIAL insurance products and other financial investment products.

15. As a COUNTRY FINANCIAL representative, BAECKER provided advice regarding insurance, financial security, financial investments, and financial planning for his clients.

16. BAECKER'S clients included residents of Pekin, Manito, and Green Valley, Tazewell County, Illinois.

17. BAECKER'S clients purchased, inter alia, insurance products offered by COUNTRY FINANCIAL from BAECKER.

3

18.     BAECKER'S clients relied on BAECKER's financial and insurance-related advice and entrusted to him funds to be spent on insurance and/or financial investment products.

### Fraudulent Cityplex Scheme

19.     BAECKER is the President of CITPYLEX.  CITYPLEX had no affiliation with COUNTRY.

20.     From at least 2004 to 2010, BAECKER falsely represented to twenty-one of his clients ("CITYPLEX VICTIMS") that CITYPLEX was an attractive investment opportunity affiliated with COUNTRY FINANCIAL, and that funds invested with CITYPLEX would be used by COUNTRY FINANCIAL to make loans to COUNTRY FINANCIAL Insurance policy owners.  In fact, no such arrangement existed with COUNTRY FINANCIAL and no such use of the funds was made by CITYPLEX or BAECKER.

21.     BAECKER represented to the CITYPLEX VICTIMS that CITYPLEX would provide steady income through monthly or yearly interest at certain specified rates, ranging from approximately 6% to 9%.

22.     In reliance on these representations, the CITYPLEX VICTIMS decided to invest in CITYPLEX.

23.     The CITYPLEX VICTIMS entered into promissory notes with CITYPLEX.  For each of these promissory notes, the CITYPLEX VICTIM was the listed Lender, and CITYPLEX was the listed borrower.

24.     The terms of each promissory note state that CITYPLEX promises to pay CITYPLEX VICTIM a certain amount representing the loan from CITYPLEX VICTIM to CITYPLEX, as well as interest on the unpaid balance at a specified yearly rate.  In addition, CITYPLEX will pay the entire amount of principal and interest on or before a specified date.

25.     BAECKER signed these promissory notes on behalf of CITYPLEX.

80300446v3 910440 52149

26.     By entering into these promissory notes with BAECKER, the CITYPLEX VICTIMS entrusted BAECKER with the use and management of monies that BAECKER represented to them would be invested in a COUNTRY FINANCIAL affiliated entity. BAECKER acted on the CITYPLEX VICTIMS' behalf and was the CITYPLEX VICTIMS' agent with respect to their investments in CITYPLEX.

27.     In addition, BAECKER convinced one CITYPLEX VICTIM to invest money in CITYPLEX "Demand Investment Account" that was purportedly offered through COUNTRY FINANCIAL.  BAECKER falsely represented to the CITYPLEX VICTIMS that these funds were also to be loaned by COUNTRY FINANCIAL to COUNTRY FINANCIAL life insurance policyholders.

28.     The chart below specifies the types of investments each CITYPLEX VICTIM had in CITYPLEX and the dates of the transactions involving monies invested in CITYPLEX:

| VICTIMS[1] | FRAUDULENT INSTRUMENT/ INVESTMENT | DATE |
|---|---|---|
| Victim 1 | Demand Investment Account | 8/15/08 |
|  | Demand Investment Account | 8/15/08 |
|  | Promissory Note | 4/8/09 |
|  |  |  |
| Victims 2 & 3 | Promissory Note | 4/1/09 |
|  |  |  |
| Victims 4 & 5 | Promissory Note | 2/29/08 |
|  | Promissory Note | 2/29/08 |
|  |  |  |
| Victim 6 | Promissory Note | 2/18/08 |
|  | Promissory Note | 2/23/10 |
|  |  |  |
| Victim 7 | Promissory Note | 7/15/08 |
|  | Promissory Note | 9/30/08 |
|  | Promissory Note | 3/25/09 |
|  | Promissory Note | 11/20/09 |
|  |  |  |

---

[1] To protect the privacy rights of the victims, they are identified by number.

80300446v3  910440  52149

| VICTIMS[1] | FRAUDULENT INSTRUMENT/ INVESTMENT | DATE |
|---|---|---|
| Victim 8 | Promissory Note | 3/26/08 |
|  | Promissory Note | 7/21/08 |
|  | Promissory Note | 12/30/08 |
|  |  |  |
| Victims 9, 10, 11 | Promissory Note | 4/1/04 |
|  | Promissory Note | 11/1/08 |
|  | Promissory Note | 11/6/09 |
|  | Promissory Note | 12/22/09 |
|  | Promissory Note | 1/19/10 |
|  |  |  |
| Victim 12 | Promissory Note | 2/23/05 |
|  | Promissory Note | 2/26/07 |
|  | Promissory Note | 2/23/09 |
|  |  |  |
| Victim 13 | Promissory Note | 4/15/07 |
|  |  |  |
| Victim 14 | Promissory Note | 9/7/06 |
|  | Promissory Note | 2/20/08 |
|  |  |  |
| Victim 15 | Promissory Note | 10/22/09 |
|  |  |  |
| Victim 16 | Promissory Note | 10/22/09 |
|  |  |  |
| Victims 17 & 18 | Promissory Note | 2/18/09 |
|  | Promissory Note | 6/13/09 |
|  |  |  |
| Victim 19 | Promissory Note | 8/15/08 |
|  | Promissory Note | 5/20/09 |
|  | Promissory Note | 11/19/09 |
|  |  |  |
| Victims 20 & 21 | Promissory Note | 10/23/09 |
|  | Promissory Note | 11/17/09 |
|  |  |  |

29.     The CITYPLEX VICTIMS invested a total of more than $1.8 million in CITYPLEX in reliance on BAECKER'S representations.

30.     BAECKER used the COUNTRY MARKS in advertising and soliciting investments in CITYPLEX from the CITYPLEX VICTIMS.

80300446v3 910440 52149

31.     BAECKER provided documents to certain CITYPLEX VICTIMS, which documents contain the COUNTRY MARKS.

32.     BAECKER's use of the COUNTRY MARKS was without the consent or authorization of COUNTRY FINANCIAL.

33.     BAECKER deposited the funds received from the CITYPLEX VICTIMS into the CITYPLEX bank accounts controlled by BAECKER.

34.     BAECKER used at least a portion of the funds that CITYPLEX VICTIMS provided to support an ongoing scheme to lull the CITYPLEX VICTIMS into believing their investments were being treated as described by BAECKER and to induce others to provide money to BAECKER by representing to them that they were investing in the CITYPLEX project.

35.     Soon after COUNTRY FINANCIAL learned of BAECKER'S conduct in regard to the CITYPLEX promissory notes and "demand investment accounts", it terminated BAECKER as an authorized COUNTRY FINANCIAL representative on March 11, 2010.

**Fraudulent Insurance Transactions**

36.     Four BAECKER clients (the "LIFE INSURANCE VICTIMS") purchased life insurance from COUNTRY FINANCIAL through BAECKER.

37.     On or about the dates listed below, BAECKER, without the LIFE INSURANCE VICTIMS' knowledge or consent, canceled their life insurance contracts with COUNTRY FINANCIAL and requested cash surrenders of the total values of the life insurance policies.

| VICTIMS | DATE OF POLICY CANCELLATION |
|---------|------------------------------|
| Victim 22 | 1/11/07 |
| Victim 23 | 1/11/07 |
| Victim 24 | 6/21/05 |
| Victim 25 | 11/11/08 |

80300446v3 910440 52149

38.     BAECKER represented to COUNTRY FINANCIAL that the LIFE INSURANCE VICTIMS wanted to cancel their life insurance policies.

39.     BAECKER provided a mailing address, P.O. Box 127, Pekin, Illinois, to COUNTRY FINANCIAL and requested that COUNTRY FINANCIAL send the proceeds of the canceled life insurance policy to that address.  This post office box was rented to BAECKER, and access to it was controlled by him.

40.     BAECKER made this change of address and redemption without the knowledge and consent of the LIFE INSURANCE VICTIMS.

41.     COUNTRY FINANCIAL, reasonably relying on BAECKER's representations, canceled the LIFE INSURANCE VICTIMS' life insurance policies and mailed the proceeds of these policies to the address provided by BAECKER.

42.     BAECKER deposited the proceeds of the LIFE INSURANCE VICTIMS' life insurance policies into a bank account he controlled.  None of the proceeds from the canceled policies were provided to the Life Insurance Victims.

### BAECKER CLIENT'S Assignment of Claims to COUNTRY FINANCIAL

43.     Upon discovering BAECKER'S conduct regarding the CITYPLEX scheme and the fraudulent insurance transactions, COUNTRY FINANCIAL terminated BAECKER'S agent agreement.

44.     COUNTRY FINANCIAL paid each CITYPLEX VICTIM for losses resulting from BAECKER'S fraudulent CITYPLEX scheme.

45.     In consideration of COUNTRY FINANCIAL'S payment, each CITYPLEX VICTIM assigned all claims arising from BAECKER'S fraudulent CITYPLEX scheme to COUNTRY FINANCIAL.

80300446v3 910440 52149

## COUNT I
## TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN

46.     COUNTRY FINANCIAL repeats and realleges the general allegations of Paragraphs 1-45 as though fully set forth here verbatim.

47.     As a result of his unauthorized use of the COUNTRY MARKS in connection with the solicitation of and transactions in investments in CITYPLEX, BAECKER, who was at all material times acting on behalf of CITYPLEX, and CITYPLEX caused and are likely to cause confusion and mistake, and have deceived and is likely to deceive the public, in violation of the Trademark Laws of the United States, 15 U.S.C. § 1114.

48.     As a result of his unauthorized use of the COUNTRY MARKS in connection with the CITYPLEX scheme, BAECKER has misled the CITYPLEX VICTIMS as to the affiliation, connection or association of CITYPLEX with COUNTRY FINANCIAL, or as to the origin, sponsorship or approval of CITYPLEX by COUNTRY FINANCIAL, causing the CITYPLEX VICTIMS and prospective investors to rely thereon, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

49.     BAECKER'S and CITYPLEX'S acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of COUNTRY FINANCIAL and the COUNTRY MARKS, and to mislead the CITYPLEX VICTIMS and prospective investors into believing that there is a connection, affiliation, or association between CITYPLEX and COUNTRY FINANCIAL.

50.     By reason of BAECKER'S acts, COUNTRY FINANCIAL has suffered damage and injury to its business, reputation, and goodwill.

WHEREFORE, COUNTRY FINANCIAL prays for a judgment directing BAECKER and CITYPLEX to:

80300446v3 910440 52149

(a)     account for and pay over to COUNTRY FINANCIAL all profits derived by
BAECKER and CITYPLEX from the acts complained of herein, together with
prejudgment interest;

(b)     pay to COUNTRY FINANCIAL all the damages its has suffered as a result of the
acts of BAECKER and CITYPLEX complained of herein, including an
assessment of trebled actual damages, together with prejudgment interest;

(c)     pay to COUNTRY FINANCIAL its attorneys' fees and costs in this action; and

Awarding COUNTRY FINANCIAL such further relied as this Court deems just and
equitable.

## COUNT II
## FRAUD AGAINST CITYPLEX VICTIM #1
## (CITYPLEX DEMAND INVESTMENT ACCOUNTS)

51.     COUNTRY FINANCIAL repeats and realleges the general allegations of
Paragraphs 1-50 as though fully set forth here verbatim.

52.     BAECKER represented to CITYPLEX VICTIM 1 that his money would be
placed in "Demand Investment Accounts" from which CITYPLEX would pay a "composite
interest yield" according to ten-year investment account projection schedules that BAECKER
provided to CITYPLEX VICTIM 1.

53.     BAECKER further represented that funding for the projected interest yield would
consist of "pension plan and life insurance loan buybacks" on instruments issued by COUNTRY
FINANCIAL, and that the money invested would be used to make loans to COUNTRY
FINANCIAL life insurance policyholders.

54.     BAECKER also represented to CITYPLEX VICTIM 1 that unpaid principal and
accrued interest shall be payable in full upon 30 day written request of CITYPLEX VICTIM 1.

80300446v3 910440 52149

55.    BAECKER made these statements while knowing that they were false. Specifically, CITYPLEX was in no way affiliated with COUNTRY FINANCIAL, and COUNTRY FINANCIAL in no way authorized involvement of any of its insurance or financial products in funding CITYPLEX.  CITYPLEX was incapable of paying the entire amount of principal and interest by the payment date.

56.    Any payments from BAECKER or CITYPLEX to CITYPLEX VICTIM 1 that allegedly came from CITYPLEX did not come from income generated by CITYPLEX.   Upon information and belief, payments from BAECKER or CITYPLEX to CITYPLEX VICTIM 1 came from the monies of other clients of BAECKER who were similarly defrauded.

57.    BAECKER made the above-mentioned false and material representations for the purpose of inducing CITYPLEX VICTIM 1 to invest the money in CITYPLEX.

58.    In reasonable reliance on BAECKER's representations, CITYPLEX VICTIM 1 provided to BAECKER a total of $450,000 to be placed in "Demand Investment Accounts" in CITYPLEX.

59.    BAECKER signed documents, both dated August 15, 2008, acknowledging (a) CITYPLEX VICTIM 1's investment of $250,000 in Demand Investment Account #0987623-01, with attached 10-year investment account projections, and (b) CITYPLEX VICTIM 1's investment of $200,000 in Demand Investment Account #0987947-02, with attached 10-year investment account projections.

60.    BAECKER'S misrepresentations and actions proximately caused CITYPLEX VICTIM 1 to lose possession of funds that he invested in CITYPLEX.

80300446v3 910440 52149

61.     As a result of BAECKER's misappropriation of CITYPLEX VICTIM 1's invested funds, CITYPLEX VICTIM 1 has lost his investment in CITYPLEX Demand Investment Accounts.

WHEREFORE, Plaintiff, COUNTRY FINANCIAL, as assignee of CITYPLEX VICTIM 1's claims, requests that the Court enter judgment, in its favor and against Defendants, AARON GARTH BAECKER and CITYPLEX CORPORATION, for damages to be determined at trial, plus costs, expenses, and attorneys' fees Plaintiff incurs in bringing and prosecuting this action, punitive damages, and such other and further relief as the Court may find proper, just and appropriate under the circumstances.

## COUNTS III THROUGH XXXV
## FRAUD AGAINST CITYPLEX VICTIM NO. 1
## (CITYPLEX PROMISSORY NOTE)

62.     COUNTRY FINANCIAL repeats and realleges the general allegations of Paragraphs 1-61 as though fully set forth here verbatim.

63.     CITYPLEX entered into Promissory Notes with the CITYPLEX VICTIMS on the dates indicated in the chart below.   BAECKER signed these Promissory Notes on behalf of CITYPLEX.

| COUNT | VICTIMS | FRAUDULENT INSTRUMENT/ INVESTMENT | DATE |
|---|---|---|---|
| 3 | Victim 1 | Promissory Note | 4/8/09 |
| 4 | Victims 2 & 3 | Promissory Note | 4/1/09 |
| 5 | Victims 4 & 5 | Promissory Note | 2/29/08 |
| 6 | | Promissory Note | 2/29/08 |
| 7 | Victim 6 | Promissory Note | 2/18/08 |
| 8 | | Promissory Note | 2/23/10 |
| 9 | Victim 7 | Promissory Note | 7/15/08 |

8030446v3  910440  52149

| COUNT | VICTIMS | FRAUDULENT INSTRUMENT/ INVESTMENT | DATE |
|---|---|---|---|
| 10 | | Promissory Note | 9/30/08 |
| 11 | | Promissory Note | 3/25/09 |
| 12 | | Promissory Note | 11/20/09 |
| | | | |
| 13 | Victim 8 | Promissory Note | 3/26/08 |
| 14 | | Promissory Note | 7/21/08 |
| 15 | | Promissory Note | 12/30/08 |
| | | | |
| 16 | Victims 9, 10, 11 | Promissory Note | 4/1/04 |
| 17 | | Promissory Note | 11/1/08 |
| 18 | | Promissory Note | 11/6/09 |
| 19 | | Promissory Note | 12/22/09 |
| 20 | | Promissory Note | 1/19/10 |
| | | | |
| 21 | Victim 12 | Promissory Note | 2/23/05 |
| 22 | | Promissory Note | 2/26/07 |
| 23 | | Promissory Note | 2/23/09 |
| | | | |
| 24 | Victim 13 | Promissory Note | 4/15/07 |
| | | | |
| 25 | Victim 14 | Promissory Note | 9/7/06 |
| 26 | | Promissory Note | 2/20/08 |
| | | | |
| 27 | Victim 15 | Promissory Note | 10/22/09 |
| | | | |
| 28 | Victim 16 | Promissory Note | 10/22/09 |
| | | | |
| 29 | Victims 17 & 18 | Promissory Note | 2/18/09 |
| 30 | | Promissory Note | 6/13/09 |
| | | | |
| 31 | Victim 19 | Promissory Note | 8/15/08 |
| 32 | | Promissory Note | 5/20/09 |
| 33 | | Promissory Note | 11/19/09 |
| | | | |
| 34 | Victims 20 & 21 | Promissory Note | 10/23/09 |
| 35 | | Promissory Note | 11/17/09 |

64.     BAECKER represented to the CITYPLEX VICTIMS that their money would be invested in CITYPLEX; CITYPLEX would provide a steady income in the form of a specified

80300446v3 910440 52149

annual rate of interest; and CITYPLEX would pay the entire amount of principal and interest on or before a specified maturity date.

65.    The Promissory Notes state that they are "secured by a COLLATERAL ASSIGNMENT AGAINST INSTRUMENTS ISSUED BY COUNTRY LIFE INSURANCE COMPANY OF BLOOMINGTON, ILLINOIS."

66.    BAECKER made these statements while knowing that they were false.

67.    Any payments from BAECKER or CITYPLEX to a CITYPLEX VICTIM that allegedly came from CITYPLEX did not come from income generated by CITYPLEX.  Upon information and belief, payments from BAECKER or CITYPLEX to any CITYPLEX VICTIM came from the monies of other clients of BAECKER who were similarly defrauded.

68.    BAECKER made the above-mentioned false and material representations for the purpose of inducing CITYPLEX VICTIMS to invest in CITYPLEX.

69.    In reasonable reliance on BAECKER's representations, the CITYPLEX VICTIMS provided to BAECKER money pursuant to the Promissory Notes listed in the table in paragraph 62.

70.    BAECKER'S misrepresentations and actions proximately caused CITYPLEX VICTIMS to lose possession of funds that they invested in CITYPLEX.

71.    BAECKER used this money in a manner that was unauthorized and without the knowledge of the CITYPLEX VICTIMS.

72.    As a result of BAECKER's misuse and misappropriation of the CITYPLEX VICTIMS' invested funds, the CITYPLEX VICTIMS have lost funds representing their investments in CITYPLEX.

80300446v3 910440 52149

WHEREFORE, Plaintiff, COUNTRY FINANCIAL, as assignee of CITYPLEX VICTIMS' claims, requests that the Court enter judgment, in its favor and against Defendants, AARON GARTH BAECKER and CITYPLEX CORPORATION, for damages in an amount to be determined at trial, plus costs, expenses, and attorneys' fees Plaintiff incurs in bringing and prosecuting this action, punitive damages, and such other and further relief as the Court may find proper, just and appropriate under the circumstances.

### COUNTS XXXVI TO L
### BREACH OF FIDUCIARY DUTY TO CITYPLEX VICTIMS

73.    COUNTRY FINANCIAL repeats and realleges the general allegations of Paragraphs 1-72 as though fully set forth here verbatim.

74.    The CITYPLEX VICTIMS entrusted BAECKER to make decisions regarding insurance products and investments on their behalf.

75.    The CITYPLEX VICTIMS entrusted BAECKER with cash to invest in CITYPLEX.   The CITYPLEX VICTIMS relied on BAECKER'S representations that CITYPLEX would provide steady income pursuant to Demand Investment Accounts and/or Promissory Notes, as indicated in the chart below.

| COUNT | VICTIMS | FRAUDULENT INSTRUMENT/ INVESTMENT | DATE |
|---|---|---|---|
| 36 | Victim 1 | Demand Investment Account | 8/15/08 |
| | | Demand Investment Account | 8/15/08 |
| | | Promissory Note | 4/8/09 |
| | | | |
| 37 | Victims 2 & 3 | Promissory Note | 4/1/09 |
| | | | |
| 38 | Victims 4 & 5 | Promissory Note | 2/29/08 |
| | | Promissory Note | 2/29/08 |
| | | | |
| 39 | Victim 6 | Promissory Note | 2/18/08 |
| | | Promissory Note | 2/23/10 |
| | | | |

15

80300446v3 910440 52149

| COUNT | VICTIMS | FRAUDULENT INSTRUMENT/ INVESTMENT | DATE |
|---|---|---|---|
| 40 | Victim 7 | Promissory Note | 7/15/08 |
| | | Promissory Note | 9/30/08 |
| | | Promissory Note | 3/25/09 |
| | | Promissory Note | 11/20/09 |
| | | | |
| 41 | Victim 8 | Promissory Note | 3/26/08 |
| | | Promissory Note | 7/21/08 |
| | | Promissory Note | 12/30/08 |
| | | | |
| 42 | Victims 9, 10, 11 | Promissory Note | 4/1/04 |
| | | Promissory Note | 11/1/08 |
| | | Promissory Note | 11/6/09 |
| | | Promissory Note | 12/22/09 |
| | | Promissory Note | 1/19/10 |
| | | | |
| 43 | Victim 12 | Promissory Note | 2/23/05 |
| | | Promissory Note | 2/26/07 |
| | | Promissory Note | 2/23/09 |
| | | | |
| 44 | Victim 13 | Promissory Note | 4/15/07 |
| | | | |
| 45 | Victim 14 | Promissory Note | 9/7/06 |
| | | Promissory Note | 2/20/08 |
| | | | |
| 46 | Victim 15 | Promissory Note | 10/22/09 |
| | | | |
| 47 | Victim 16 | Promissory Note | 10/22/09 |
| | | | |
| 48 | Victims 17 & 18 | Promissory Note | 2/18/09 |
| | | Promissory Note | 6/13/09 |
| | | | |
| 49 | Victim 19 | Promissory Note | 8/15/08 |
| | | Promissory Note | 5/20/09 |
| | | Promissory Note | 11/19/09 |
| | | | |
| 50 | Victims 20 & 21 | Promissory Note | 10/23/09 |
| | | Promissory Note | 11/17/09 |
| | | | |

76.     By entering into the Promissory Notes and/or the Demand Investment Accounts

listed in Paragraph 74 with BAECKER, the CITYPLEX VICTIMS entrusted BAECKER with

80300446v3 910440 52149

the use and management of their money.  BAECKER acted on each CITYPLEX VICTIM'S behalf and was each CITYPLEX VICTIM'S agent with respect to his/her investment in CITYPLEX.

77.    As an agent of each CITYPLEX VICTIM, BAECKER owed a fiduciary duty, including the duties of loyalty and faithfulness, to each CITYPLEX VICTIM.

78.    BAECKER'S conduct regarding CITYPLEX, including his fraudulent misrepresentations and misuse and misappropriation of each CITYPLEX VICTIM'S funds, breached his duty of loyalty and duty of faithfulness owed to each CITYPLEX VICTIM.

79.    BAECKER'S misrepresentations and actions proximately caused each CITYPLEX VICTIM to lose possession of funds that he/she had invested in CITYPLEX. BAECKER used this money in a manner that was unauthorized and without the knowledge of each CITYPLEX VICTIM.

80.    As a result of BAECKER'S misuse and misappropriation of the CITYPLEX VICTIMS' invested funds, the CITYPLEX VICTIMS have lost funds representing their investment in CITYPLEX.

WHEREFORE, Plaintiff, COUNTRY FINANCIAL, as assignee of the CITYPLEX VICTIMS' claims, requests that the Court enter judgment, in its favor and against Defendants, AARON GARTH BAECKER and CITYPLEX CORPORATION, for damages to be determined at trial, plus costs, expenses, and attorneys' fees Plaintiff incurs in bringing and prosecuting this action, punitive damages, and such other and further relief as the Court may find proper, just and appropriate under the circumstances.

80300446v3  910440  52149

## COUNTS LI TO LXV
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (CITYPLEX SCHEME AND VICTIM NO. 1)

81.     COUNTRY FINANCIAL repeats and realleges the allegations contained in paragraphs 1-80 as though fully set forth here verbatim.

82.     At all relevant times the Consumer Fraud and Deceptive Business Practices Act (the "Consumer Fraud Act), 815 ILCS 505/1, et seq., was in full force and effect in Illinois.

83.     BAECKER engaged in unfair and deceptive conduct, making false representations to the CITYPLEX VICTIMS regarding potential investments and investments in CITYPLEX.

84.     The unfair and deceptive conduct encompasses the investments in CITYPLEX by the CITYPLEX VICTIMS, as described in the table below:

| COUNT | VICTIMS | FRAUDULENT INSTRUMENT/ INVESTMENT | DATE |
|-------|---------|-----------------------------------|------|
| 51 | Victim 1 | Demand Investment Account | 8/15/08 |
|  |  | Demand Investment Account | 8/15/08 |
|  |  | Promissory Note | 4/8/09 |
|  |  |  |  |
| 52 | Victims 2 & 3 | Promissory Note | 4/1/09 |
|  |  |  |  |
| 53 | Victims 4 & 5 | Promissory Note | 2/29/08 |
|  |  | Promissory Note | 2/29/08 |
|  |  |  |  |
| 54 | Victim 6 | Promissory Note | 2/18/08 |
|  |  | Promissory Note | 2/23/10 |
|  |  |  |  |
| 55 | Victim 7 | Promissory Note | 7/15/08 |
|  |  | Promissory Note | 9/30/08 |
|  |  | Promissory Note | 3/25/09 |
|  |  | Promissory Note | 11/20/09 |
|  |  |  |  |
| 56 | Victim 8 | Promissory Note | 3/26/08 |
|  |  | Promissory Note | 7/21/08 |
|  |  | Promissory Note | 12/30/08 |

18

80300446v3 910440 52149

| COUNT | VICTIMS | FRAUDULENT INSTRUMENT/ INVESTMENT | DATE |
|-------|---------|-----------------------------------|------|
| 57 | Victims 9, 10, 11 | Promissory Note | 4/1/04 |
| | | Promissory Note | 11/1/08 |
| | | Promissory Note | 11/6/09 |
| | | Promissory Note | 12/22/09 |
| | | Promissory Note | 1/19/10 |
| | | | |
| 58 | Victim 12 | Promissory Note | 2/23/05 |
| | | Promissory Note | 2/26/07 |
| | | Promissory Note | 2/23/09 |
| | | | |
| 59 | Victim 13 | Promissory Note | 4/15/07 |
| | | | |
| 60 | Victim 14 | Promissory Note | 9/7/06 |
| | | Promissory Note | 2/20/08 |
| | | | |
| 61 | Victim 15 | Promissory Note | 10/22/09 |
| | | | |
| 62 | Victim 16 | Promissory Note | 10/22/09 |
| | | | |
| 63 | Victims 17 & 18 | Promissory Note | 2/18/09 |
| | | Promissory Note | 6/13/09 |
| | | | |
| 64 | Victim 19 | Promissory Note | 8/15/08 |
| | | Promissory Note | 5/20/09 |
| | | Promissory Note | 11/19/09 |
| | | | |
| 65 | Victims 20 & 21 | Promissory Note | 10/23/09 |
| | | Promissory Note | 11/17/09 |
| | | | |

85.    BAECKER engaged in this deceptive conduct to induce the CITYPLEX VICTIMS to provide funds to BAECKER, for the alleged purpose of investing in CITYPLEX.

86.    BAECKER engaged in this conduct while representing himself to the public as a COUNTRY FINANCIAL representative.  BAECKER's deceptive acts occurred in the course of conduct involving trade and commerce, specifically the sale of financial instruments and insurance products.

80300446v3 910440 52149

87.  BAECKER'S scheme to defraud the CITYPLEX VICTIMS implicates consumer protection concerns. BAECKER'S false representations and conduct affected those CITYPLEX clients who also had purchased COUNTRY FINANCIAL insurance and/or financial products through BAECKER.

88.  BAECKER'S misrepresentations and actions proximately caused the CITYPLEX VICTIMS to lose possession of funds that they wanted invested in CITYPLEX. BAECKER used this money in a manner that was unauthorized and without the knowledge of the CITYPLEX VICTIMS.

89.  As a result of BAECKER'S misuse and misappropriation of the CITYPLEX VICTIMS' invested funds, the CITYPLEX VICTIMS have lost funds that they believed were invested in CITYPLEX.

90.  Pursuant to 815 ILCS 505/10(a), COUNTRY FINANCIAL, as assignee of the CITYPLEX VICTIMS' claims, is entitled to bring an action pursuant to the Consumer Fraud Act.

91.  A copy of this Complaint has been mailed to the Attorney General of the State of Illinois, pursuant to 815 ILCS 505/10a(d).

WHEREFORE, Plaintiff, COUNTRY FINANCIAL, as assignee of each CITYPLEX VICTIM'S claims, requests that the Court enter judgment, in its favor and against Defendants, AARON GARTH BAECKER and CITYPLEX CORPORATION, for damages in an amount to be determined at trial, plus costs, expenses, and attorneys' fees Plaintiff incurs in bringing and prosecuting this action, punitive damages, and such other and further relief as the Court may find proper, just and appropriate under the circumstances

80300446v3 910440 52149

## COUNTS LXVI TO LXIX
## FRAUD AGAINST COUNTRY FINANCIAL
## (INSURANCE POLICIES)

92.     COUNTRY FINANCIAL repeats and realleges the general allegations of Paragraphs 1-91 as though fully set forth here verbatim.

93.     BAECKER represented to COUNTRY FINANCIAL that (a) the LIFE INSURANCE VICTIMS (Victims 22-25) wished to cancel their life insurance policies, and (b) the LIFE INSURANCE VICTIMS (Victims 22-25) requested that COUNTRY FINANCIAL mail the proceeds of the canceled insurance policies to P.O. Box 127 in Pekin, Illinois.

94.     BAECKER effected these fraudulent life insurance policy cancellations on the dates listed below.

| COUNT | VICTIMS | DATE OF POLICY CANCELLATION |
|---|---|---|
| 66 | Victim 22 | 1/11/07 |
| 67 | Victim 23 | 1/11/07 |
| 68 | Victim 24 | 6/21/05 |
| 69 | Victim 25 | 11/11/08 |

95.     BAECKER's representations regarding the life insurance policy cancellations were false and known to be false by BAECKER, since none of the LIFE INSURANCE VICTIMS made any such request to cancel his/her life insurance policy.

96.     BAECKER made these false representations to induce COUNTRY FINANCIAL to cancel the life insurance policies of the LIFE INSURANCE VICTIMS and send checks for the proceeds of the canceled life insurance policies to BAECKER'S P.O. Box in Pekin, Illinois.

97.     COUNTRY FINANCIAL reasonably relied on BAECKER's misrepresentations when canceling life insurance policies of the LIFE INSURANCE VICTIMS and sending checks for the proceeds of the canceled life insurance policies to BAECKER'S P.O. Box in Pekin, Illinois.

21

98.     These checks were endorsed fraudulently and deposited into a bank account owned by BAECKER.

99.     The LIFE INSURANCE VICTIMS did not receive these funds and did not know that their life insurance policies had been canceled.

100.     COUNTRY FINANCIAL has offered to reinstate the life insurance policies or pay the cash surrender value of the policies to the LIFE INSURANCE VICTIMS.

101.     BAECKER'S misrepresentations and conduct proximately caused COUNTRY FINANCIAL to pay out without proper authorization approximately $20,000.00, in addition to losing goodwill among the LIFE INSURANCE VICTIMS.

WHEREFORE, Plaintiff, COUNTRY FINANCIAL, requests that the Court enter judgment, in its favor and against Defendants, AARON GARTH BAECKER and CITYPLEX CORPORATION, for damages in an amount to be determined at trial, plus costs, expenses, and attorneys' fees Plaintiff incurs in bringing and prosecuting this action, punitive damages, and such other and further relief as the Court may find proper, just and appropriate under the circumstances.

### COUNTS LXX TO LXXIII
### TORTIOUS INTERFERENCE WITH CONTRACT

102.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-101 as though fully set forth here verbatim.

103.     COUNTRY FINANCIAL had a business relationship and a valid contract with each of the LIFE INSURANCE VICTIMS listed below in the form of a COUNTRY FINANCIAL life insurance policy.

104.     BAECKER, as an independent contractor agent of COUNTRY FINANCIAL, knew of this contract between COUNTRY FINANCIAL and BAECKER CLIENT.

80300446v3 910440 52149

105.    BAECKER, through his misrepresentations to COUNTRY FINANCIAL that the LIFE INSURANCE VICTIMS desired the cancellation of the life insurance contracts, acted intentionally and fraudulently to cause the breach of the contracts between COUNTRY FINANCIAL and LIFE INSURANCE VICTIMS.

106.    BAECKER violated the terms of his independent contractor agent agreement with COUNTRY FINANCIAL by, among other things, committing acts of personal dishonesty, gross negligence or willful material misconduct.

107.    On or about the below-listed dates, BAECKER caused the breaches of COUNTRY FINANCIAL'S life insurance contracts with the following LIFE INSURANCE VICTIMS.

| COUNT | VICTIMS | DATE OF POLICY CANCELLATION |
|-------|---------|------------------------------|
| 70 | Victim 22 | 1/11/07 |
| 71 | Victim 23 | 1/11/07 |
| 72 | Victim 24 | 6/21/05 |
| 73 | Victim 25 | 11/11/08 |

108.    BAECKER'S misrepresentations and conduct proximately caused COUNTRY FINANCIAL to pay out without proper authorization approximately $20,000.00, in addition to losing goodwill among the LIFE INSURANCE VICTIMS.

WHEREFORE, Plaintiff, COUNTRY FINANCIAL, requests that the Court enter judgment, in its favor and against Defendants, AARON GARTH BAECKER and CITYPLEX CORPORATION, for damages in an amount to be determined at trial, plus costs, expenses, and attorneys' fees Plaintiff incurs in bringing and prosecuting this action, punitive damages, and such other and further relief as the Court may find proper, just and appropriate under the circumstances.

80300446v3 910440 52149

## COUNT LXXIV TO LXXVII
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (FRAUDULENT INSURANCE TRANSACTIONS)

109.    COUNTRY FINANCIAL repeats and realleges the allegations contained in paragraphs 1-108 as though fully set forth here verbatim.

110.    At all relevant times the Consumer Fraud and Deceptive Business Practices Act (the "Consumer Fraud Act), 815 ILCS 505/1, et seq., was in full force and effect in Illinois.

111.    BAECKER engaged in unfair and deceptive conduct by making false representations to COUNTRY FINANCIAL regarding cancellation of and address changes to life insurance contracts between COUNTRY FINANCIAL and the LIFE INSURANCE VICTIMS.

112.    On or about the below-listed dates, BAECKER caused the cancellations of COUNTRY FINANCIAL'S life insurance contracts with the following LIFE INSURANCE VICTIMS.

| COUNT | VICTIMS | DATE OF POLICY CANCELLATION |
|-------|---------|------------------------------|
| 74 | Victim 22 | 1/11/07 |
| 75 | Victim 23 | 1/11/07 |
| 76 | Victim 24 | 6/21/05 |
| 77 | Victim 25 | 11/11/08 |

113.    BAECKER engaged in this deceptive conduct to induce COUNTRY FINANCIAL to cancel the LIFE INSURANCE VICTIMS' life insurance policies and to mail checks for the proceeds in the canceled life insurance policies to BAECKER'S P.O.Box in Pekin, Illinois.

114.    BAECKER engaged in this conduct while representing himself as a COUNTRY FINANCIAL representative.  BAECKER'S deceptive acts occurred in the course of conduct involving trade and commerce, specifically the sale of insurance products.

80300446v3 910440 52149

115.    BAECKER'S scheme to defraud COUNTRY FINANCIAL and/or the LIFE INSURANCE VICTIMS implicates consumer protection concerns.    BAECKER'S false representations and conduct affected COUNTRY FINANCIAL.

116.    BAECKER'S misrepresentations and conduct proximately caused COUNTRY FINANCIAL to lose approximately $20,000.00, in addition to goodwill among the LIFE INSURANCE VICTIMS.

117.    Pursuant to 815 ILCS 505/10a, COUNTRY FINANCIAL is entitled to bring an action pursuant to the Consumer Fraud Act.

118.    A copy of this Complaint has been mailed to the Attorney General of the State of Illinois, pursuant to 815 ILCS 505/10a(d).

WHEREFORE, Plaintiff, COUNTRY FINANCIAL, requests that the Court enter judgment, in its favor and against Defendants, AARON GARTH BAECKER and CITYPLEX CORPORATION, for damages in an amount to be determined at trial, plus costs, expenses, and attorneys' fees Plaintiff incurs in bringing and prosecuting this action, punitive damages, and such other and further relief as the Court may find proper, just and appropriate under the circumstances.

### COUNT LXXVIII
### PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

119.    COUNTRY FINANCIAL repeats and realleges the allegations contained in paragraphs 1-118 as though fully set forth here verbatim.

120.    COUNTRY FINANCIAL requests injunctive relief under the Consumer Fraud Act, 815 ILCS 505/10a(c).

121.    COUNTRY FINANCIAL requests that this Court enter an Order freezing all monies in the following accounts, and temporarily restraining BAECKER from in any way

80300446v3 910440 52149

transferring, disposing of or dissipating any of the funds in the following accounts without first obtaining approval from this Court:

      a.      Account # 0-004-3893 at Herget National Bank in Pekin, Illinois. The name and address of this account is Cityplex Corporation, d/b/a The Baecker Agency, 1615 Valle Vista, Pekin, IL 61554-6137.

      b.      Account # 0-004-9238 at Herget National Bank in Pekin, Illinois. The name and address of this account is Cityplex Corporation, 1615 Valle Vista, Pekin, IL 61554-6137.

      c.      Account # 5100185 at Morton Community Bank in Morton, Illinois. The name and address of this account is Cityplex Corporation, Aaron Garth Baecker, P.O. Box 127, Pekin, IL 61555-0127.

      d.      Account # 172243 at Morton Community Bank in Morton, Illinois. The name and address of this account is Cityplex Corporation, P.O. Box 127, Pekin, IL 61555-0127.

122.    COUNTRY FINANCIAL'S Complaint sets forth all of the requirements for temporary injunctive relief. COUNTRY FINANCIAL has a protectable right and is likely to prevail on the merits. There is no adequate remedy at law, because COUNTRY FINANCIAL fears that BAECKER will not have assets to satisfy a judgment in this case unless the bank accounts listed above in paragraph 120 are frozen immediately. If BAECKER transfers or disposes of his assets from the afore-mentioned bank accounts (which COUNTRY FINANCIAL has reason to fear), COUNTRY FINANCIAL will be irreparably harmed. A temporary restraining order will preserve the status quo.

80300446v3 910440 52149

WHEREFORE, for the foregoing reasons, COUNTRY FINANCIAL requests this Court to enter a Temporary Restraining Order and Preliminary Injunction, freezing all monies in Account # 0-004-3893 and # 0-004-9238 at Herget National Bank in Pekin, Illinois, and Account # 5100185 and Account # 172243 at Morton Community Bank in Morton, Illinois, until further Order of this Court and temporarily restraining and enjoining BAECKER from in any way spending, transferring, disposing of or dissipating any of the monies in said accounts without further Order of this Court.  COUNTRY FINANCIAL further prays for such other and further relief as the Court deems just and proper.

**COUNT LXXIX**
**ATTACHMENT, 735 ILCS 5/4-101, ET SEQ.**

123.    COUNTRY FINANCIAL repeats and realleges the allegations contained in paragraphs 1-122 as though fully set forth here verbatim.

124.    COUNTRY FINANCIAL requests that this court, pursuant to 735 ILCS 5/4-101, *et seq.*, enter an order to the Sheriff of Tazewell County, Illinois, directing him to attach the estates of the defendants' real or personal property to be found in the county as shall be of value sufficient to satisfy the debt owed by the defendants to COUNTRY FINANCIAL.  As set forth above, COUNTRY FINANCIAL is suing for a debt that was fraudulently contracted on the part of BAECKER and CITYPLEX.

125.    The statements of the defendants which constitute the fraud alleged have been reduced to writings contained in the demand investment account and promissory note documents described above.

126.    COUNTRY FINANCIAL has established all of the elements necessary for issuance of an order of attachment pursuant to 735 ILCS 5/4-101, *et seq.*

80300446v3 910440 52149

WHEREFORE, COUNTRY FINANCIAL requests that this court enter an order of attachment directing the Sheriff of Tazewell County to attach, real or personal, property of the defendants to be found in that county, as shall be of sufficient value to satisfy the debts and costs of COUNTRY FINANCIAL as set forth above.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL MATTERS WHERE A JURY TRIAL IS AVAILABLE UNDER APPLICABLE RULES OF LAW AND EQUITY.**

Respectfully submitted,

/s/ L. Lee Smith

L. Lee Smith
John S. Rhee
HINSHAW & CULBERTSON LLP
416 Main Street, 6th Floor
Peoria, IL 61602
Telephone: 309-674-1025
Facsimile: 309-674-9328
lsmith@hinshawlaw.com
jrhee@hinshawlaw.com

Attorneys for Plaintiffs
CC SERVICES, INC., COUNTRY
MUTUAL INSURANCE COMPANY®,
COUNTRY LIFE INSURANCE
COMPANY®, and COUNTRY
INVESTORS LIFE ASSURANCE
COMPANY®

80300446v3 910440 52149